UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

G&G CLOSED CIRCUIT EVENTS, LLC,

                     Plaintiff,

              v.

ORLANDO BRIAN LOPEZ, *individually d/b/a Cositas Ricas Mexican Grill*, and COSITAS RICAS MEXICAN GRILL,

                     Defendants.

No. 21-CV-7164 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

G&G Closed Circuit Events, LLC ("Plaintiff") brings this Complaint, pursuant to 47 U.S.C. §§ 605, 553, against Orlando Brian Lopez ("Lopez") and Cositas Ricas Mexican Grill ("Cositas"; collectively, "Defendants"), alleging that Defendants aired a boxing match without securing the proper licensing to do so. (*See generally* Compl. (Dkt. No. 1).)  Before the Court is Plaintiff's Proposed Default Judgment and Defendants' Motion to Set Aside the Clerk's Certificates of Default entered against them, (the "Motion").  (Dkt. Nos. 24, 16.)[1]

For the reasons stated herein, the Court will not enter a Default Judgment on Plaintiff's behalf, and the Court grants Defendants' Motion.

---

[1] Pursuant to the Court's obligation to construe all pro se submissions liberally and interpret them to raise the strongest arguments that they suggest, *see Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)), the Court reads Defendants' submission—self-stylized as an Answer—as a motion to set aside the certificates of default.

I.  Background

The facts alleged in Plaintiff's Complaint are not, at present, salient.  Rather, for sake of the Proposed Default Judgment and the Motion, the procedural posture of the case carries the day.

On August 25, 2021, Plaintiff filed its complaint against Defendants.  (Dkt. No. 1.)  Subsequently, the summonses were issued September 2, 2021, and September 3, 2021, on Lopez and Cositas, respectively, (Dkt. Nos. 7, 8.)  Accordingly, Lopez had to file an Answer by September 23, 2021, and Cositas had to file an Answer by September 24, 2021.

On September 30, Plaintiff sought a certificate of default against Lopez and Cositas.  (Dkt. Nos. 12, 13.)  That day, the Clerk's Office issued both certificates.  (Dkt. Nos. 14, 15.)

The following day, on October 1, 2021, Defendants (apparently jointly) submitted what they classified on ECF as an "Answer," (Dkt. No. 16), which the Court interprets as a Motion to Set Aside the Certificates of Default, thereby permitting the litigation to proceed on its merits.

Pursuant to the Court's Individual Rules of Practice, Plaintiff nonetheless proposed a default judgment on January 11, 2022, submitting a proposed order to show cause without emergency relief, a memorandum of law in support thereof, an affidavit from Plaintiff's President, a Declaration from Plaintiff's counsel, a proposed default judgment, and a statement of damages.  (*See* Dkt. Nos. 20–25.)

II.  Discussion

Fed R. Civ. P. 55(c) states: "The court may set aside an entry of default for good cause."  "In assessing 'good cause,' courts must consider the following factors: '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'"  *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241

2

F.R.D. 451, 453 (S.D.N.Y. 2007), *aff'd*, 316 F. App'x 51 (2d Cir. 2009) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). Moreover, when adjudicating potential defaults, the Second Circuit has "held that '[s]trong public policy favors resolving disputes on the merits' and that, '[a]lthough courts have an interest in expediting litigation, abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct.'" *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) (alterations in original) (quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)); *see also State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) ("Default judgments 'are generally disfavored and are reserved for rare occasions.'" (quoting *Enron Oil Corp.*, 10 F.3d at 96)), *cert. denied*, 543 U.S. 1177 (2005); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

The first two factors, at the very least, strongly favor setting aside the certificates of default. The Second Circuit has interpreted willfulness in the context of entering default judgment or setting aside entries of default "to refer to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citation omitted). For that reason, willfulness is more closely associated with an outright and total failure to respond rather than mere lateness. *See Brown v. DeFilippis*, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988) ("Courts have held the default to be willful when a defendant simply ignores a complaint without action." (citing Marziliano v. Heckler, 728 F.2d 151 (2d Cir. 1984))). The Second Circuit expanded on willfulness vis-à-vis pro se litigants urging leniency:

> Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right "does not exempt a party from compliance with relevant rules of procedural and substantive law," it should not be impaired by harsh application of technical rules.

3

*Traguth*, 710 F.2d at 95 (citation omitted) (holding that the district court abused its discretion in refusing to set aside an entry of default where it failed to "take into account [the defendant's] pro se status" (italics omitted)).  Here, Defendants, acting pro se, responded to Plaintiff's Complaint mere days after the deadline and the day after Plaintiff sought the certificate of default.  This is a far cry from "egregious or deliberate conduct," *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d at 172, particularly recognizing Defendants' pro se status.

Additionally, Plaintiff cannot be said to have been prejudiced by the filing of this joint Answer—sparse as it may have been—only a week after Defendants' Answers were due.  *See Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 178 (D.N.J. 2008) ("[T]here is no justifiable reason to rush to the extreme sanction of default in a case such as this where the filing of an Answer was but a few days late, and such filing was not coupled with any bad faith on the part of Defendants."); *Schmidt v. Hudec*, 486 F. Supp. 2d 821, 826 (E.D. Wis. 2007) (holding similarly for an Answer filed only 25 days late).

In sum, "[i]t is hard to see how [D]efendants' conduct demonstrates such willful conduct or prejudice to [P]laintiff that its motion to set aside the Clerk's Certificate of Default should be denied."  *AIP Asset Mgmt. Inc. v. Ascension Tech. Grp. Ltd.*, No. 16-CV-9181, 2017 WL 448963, at *1 (S.D.N.Y. Jan. 19, 2017).

III.  Conclusion

For the foregoing reasons, the Court will not enter default judgment on Plaintiff's behalf, and the Court grants Defendants' Motion.  Defendants have 30 days from the date of this Order to Answer Plaintiff's complaint.  Plaintiff's counsel is ordered to mail a copy of this Opinion & Order to Defendants immediately and to confirm having done so via ECF.

SO ORDERED.

Dated:  March 4, 2022
        White Plains, New York

KENNETH M. KARAS
United States District Judge